UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**TERRY MATTHEW FERGUSON**          DOCKET NO. 16-cv-292; SEC. "P"

**VERSUS**                          **JUDGE HICKS**

**JAMES LEBLANC, ET AL.**           **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Terry Matthew Ferguson (DOC #555081). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. He names as defendants Secretary James LeBlanc, Warden Jerry Goodwin, and Major James "Jimmy" Wilkins. Petitioner complains that his civil rights are being violated due to the diet he is provided at DWCC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Factual Background**

In his original complaint, Plaintiff alleges that DWCC recognizes lacto-ovo-vegetarian diets and non-pork diets as religious diets. Plaintiff receives the lacto-ovo-vegetarian diet. (Doc. 1). However, Plaintiff complains that Defendant James Wilkins "show's [sic] a disparity to the vegetarian diets versus the majority of the general population." (Doc. 1, p. 1). Plaintiff alleges that vegetarians are not fed nutritionally balanced meals, are often fed leftovers, and the food is not served at a proper temperature. (Doc. 1, p. 1). Plaintiff also alleges that, when regular meals contain meat, vegetarians are not provided with a meat substitute other than rice or pasta. (Doc. 1, p. 1). In his amended complaint, Plaintiff complains that, on occasion, vegetarians are fed the same meal for

lunch and dinner. (Doc. 7, p. 2).

Plaintiff seeks injunctive relief in the form of a balanced lacto-ovo-vegetarian diet with proper meat substitutes, kept at the proper holding temperatures. He also demands that a certified and proper menu be posted.

## Law and Analysis

Plaintiff is a prisoner that has been granted leave to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional." See Denton v. Hernandez,, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In order to recover under § 1983, a plaintiff must prove that he was deprived of a federally

protected right, and the deprivation occurred under color of state law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). Plaintiff does not identify the federally protected right to which he is being deprived. He complains about the nutrition of the lacto-ovo-vegetarian diet. Plaintiff also complains that the defendants are acting with deliberate indifference. Finally, in his amended complaint, he alleges that he is being discriminated against based on his religion. Thus, liberally construed, Petitioner could be raising a claim under the Eighth Amendment, First Amendment, Fourteenth Amendment, or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc *et seq*.

To the extent that he seeks relief under the First Amendment, his claim fails. Prisoners retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987) (citing Cruz v. Beto, 405 U.S. 319 (1972)). Incarceration, however, brings about the necessary withdrawal or limitation of these rights. Id. "The constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large." Shaw v. Murphy, 532 U.S. 223 (2001).

Plaintiff does not present a "free exercise" claim under the First Amendment because he does not identify any unconstitutional prison regulation that impinges on the exercise of his faith. See Turner v. Safley, 482 U.S. 78 (1987). In his amended complaint, Plaintiff complains that he is not provided "meat substitutes" when meat is served as part of the regular diet. (Doc. 7). For example, Plaintiff's administrative grievance complains that no meat substitute was provided for Plaintiff's breakfast tray on November 10, 2015. However, the response to his grievance clarifies that no meat was served that day. (Doc. 7, p. 11). Thus, there was no reason to allow a meat substitute to any inmate. In Plaintiff's original complaint, it is alleged that Plaintiff is provided

peanut butter at breakfast when meat is served. (Doc. 1, p. 8). Thus, Plaintiff's claim that he is not provided meat substitutes is contradicted by his own allegations and exhibits.

To the extent that Plaintiff seeks relief under the Equal Protection Clause, his claim fails. To establish that he has been denied equal protection of the laws, a plaintiff must demonstrate that prison officials acted with a discriminatory purpose. See Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 579 (1984); United States v. Galloway, 951 F.2d 64, 65 (5th Cir. 1992). "Discriminatory purpose in an equal protection context implies that the decision maker selected a particular course of action at least in part *because of*, and not simply in spite of, the adverse impact it would have on an identifiable group." Galloway, 951 F.2d at 65. Plaintiff does not claim that the defendants failed to provide meat substitutes because of the adverse impact it would have on Seventh Day Adventist inmates. Plaintiff does not provide any allegations that the defendants acted with a discriminatory purpose. Thus, there is no evidence of purposeful discrimination to support an Equal Protection claim.

To the extent that Plaintiff also intended to allege a violation of RLUIPA, his claim fails. RLUIPA protects the rights of prisoners who are unable to freely attend to their religious observances and who are dependant on the government's permission and accommodation. See Cutter v. Wilkinson, 544 U.S. 709, 721 (2005). In order to state a claim under RLUIPA, the prisoner must show that challenged government action places a substantial burden on the exercise of his religion. A substantial burden is one that truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs. See Adkins v. Kaspar, 393 F.3d 559, 569-70 (5th Cir. 2004). Plaintiff does not allege that he is unable to practice his religion or that he has been pressured to modify or violate his beliefs.

Although Plaintiff presents his claim in the amended complaint as one of religious discrimination, his factual allegations do not support such a claim. Plaintiff does not allege that he is being deprived of his religious freedom or that he is unable to practice his religion. He does not claim that he is being denied religious dietary restrictions. Plaintiff concedes that he receives a lacto-ovo-vegetarian diet in conformity with his religious affiliation, which is Seventh Day Adventist. (Doc. 7, p. 2). The true nature of Plaintiff's complaint is about the variety and quality of the food served on the lacto-ovo-vegetarian diet that Plaintiff receives.

To the extent that Plaintiff seeks relief under the Eighth Amendment, his claim fails. In its prohibition of "cruel and unusual punishment," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement. Prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-527 (1984)). To comply with the Constitution, inmates must receive 'reasonably adequate' food. See Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996) (per curiam); Newman v. Alabama, 559 F.2d 283, 286 (5th Cir. 1977) (state must furnish its prisoners with reasonably adequate food).  The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities. See Wilson v. Seiter, 501 U.S. 294, 298 (1991).

Plaintiff has not alleged any facts indicating that the constitutional minimum is not being satisfied. He has not alleged that he has been deprived the minimal civilized measure of life's necessities. Plaintiff has presented no allegation of harm or adverse physical effect form the amount of protein provided in the lacto-ovo-vegetarian diet provided. "If the prisoner's diet ... is sufficient

5

to sustain the prisoner in good health, no constitutional right has been violated." See Richmond v. Settles, 450 F. App'x 448, 456 (6th Cir. 2011) (affirming dismissal of claim based on inadequate nutrition where the plaintiff failed to allege that his health suffered as a result of the alleged deprivation of meals). Plaintiff does not allege that he has sought medical treatment as a result of the diet provided, and his allegation that his health is at risk is conclusory. Conclusory allegations are insufficient to show entitlement to injunctive relief. See Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991).

For the foregoing reasons, **IT IS RECOMMENDED** that the § 1983 complaint be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A and § 1915(e)(2).

### Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Timely objections will be considered by the district judge before a final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

Thus done and signed, in Chambers, Monroe, Louisiana, this 29th day of June, 2016.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**